# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-0725 |
| EXXON MOBIL CORPORATION, | § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is one of three related cases currently pending before this Court.[1] The case is currently before the Court on the Motion to Dismiss [Doc. # 6] filed by Defendant Exxon Mobil Corporation ("Exxon"), to which Plaintiff Starr Indemnity & Liability Company ("Starr") filed a Response [Doc. # 10]. Exxon neither filed a reply nor requested additional time to do so. Having considered the full record and relevant legal authorities, the Court **denies** the Motion to Dismiss.

## I.   BACKGROUND

In January 2013, Kevin Roberts and Arturo Munoz, employees of Savage Refinery Services, LLC ("Savage"), were injured while working at Exxon's Baytown

---

[1]   The two other related cases are *The Insurance Company of the State of Pennsylvania v. Exxon Mobil Corp.*, Civil Action No. H-14-0053, and *Exxon Mobil Corp. v. Starr Indem. & Liability Co., et al.,* Civil Action No. H-14-1147.  This ruling is consistent with the Court's recent rulings in those two cases.

Refinery. Roberts filed a personal injury lawsuit ("Roberts Lawsuit") against Exxon, which has now been settled. Munoz also asserted a personal injury claim against Exxon in connection with his injuries, but he has not filed a lawsuit.

Savage is the insured under an insurance policy, known as a "bumbershoot" policy, issued by Starr.[2] Following the accident in which Roberts and Munoz were insured, Exxon claimed that it is an additional insured under the Starr bumbershoot policy. Starr denied Exxon's status as an additional insured, and filed this declaratory judgment action seeking a declaration that Exxon is not entitled to coverage under the policy. Exxon filed its Motion to Dismiss, which is now ripe for decision.

## II.    ANALYSIS

Exxon argues that there is no subject matter jurisdiction over this dispute. Exxon argues also that the Court should dismiss the declaratory judgment action because the Roberts Lawsuit remains pending in Texas state court.[3] Starr responds that this Court has admiralty/maritime jurisdiction because the bumbershoot policy under which Exxon claims to be an additional insured is a marine contract, and that

---

[2]   A "bumbershoot" policy is "a type of umbrella coverage designed specifically to insure marine risks, but it can also include non-marine risks." *See, e.g., Axis Ins. Co. v. Buffalo Marine Servs., Inc.*, 2013 WL 5231619, *2 n.5 (S.D. Tex. Sept. 13, 2013).

[3]   In the Motion to Dismiss, Exxon argued that the declaratory judgment was not ripe at the time it was filed on March 21, 2014. In its brief, however, Exxon argues that Starr now has a ripe duty to indemnify it for the Roberts settlement amount. *See* Memorandum of Law [Doc. # 7], p. 12.

the Roberts Lawsuit is not a parallel lawsuit that could form the basis for dismissal or abstention.

### A. Subject Matter Jurisdiction

Starr argues that this Court has admiralty/maritime jurisdiction because the insurance policy under which Exxon claims to be an additional insured is a marine contract. Exxon argues that this Court lacks subject matter jurisdiction because the lawsuit has "no 'salty flavor'." *See* Motion, p. 2. It is undisputed that the Starr insurance policy is a "bumbershoot" policy that provides excess coverage for traditional marine risks as well as non-marine risks. It provides excess coverage for multiple vessels, and lists a Marine General Liability/Terminal Operators Liability/Charterer's Legal Liability policy among the underlying insurance policies for which the "bumbershoot" policy provides excess coverage. The United States Supreme Court has held that admiralty jurisdiction applies to contracts that combine marine and land-based elements if the marine elements not "insubstantial." *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 27 (2004). The Fifth Circuit, applying *Kirby*, has held that such "bumbershoot" policies "are widely recognized as common marine insurance policies." *St. Paul Fire & Marine Ins. Co. v. Bd. of Comm'rs of the Port of New Orleans*, 418 F. App'x 305, 308 (5th Cir. Mar. 15, 2011) (citing *The St. Paul Travelers Cos. v. Corn Island Shipyard, Inc.*, 495 F.3d 376, 379 n.1 (7th Cir. 2007)).

The fact that the underlying injury occurred during land-based activities does not require a different result. *See, e.g., Kirby*, 543 U.S. at 18, 27 (in *Kirby*, the train carrying machinery on its final, inland leg following shipment from Australia derailed, leading Justice Sandra O'Connor to refer to the case as "a maritime case about a train wreck"); *Alleman v. Omni Energy Servs. Corp.*, 580 F.3d 280, 284 (5th Cir. 2009) ("In ascertaining whether that contract is a maritime contract, we look to the 'nature and subject-matter' of the contract and ask whether it has 'reference to maritime service or maritime transactions.'"). Indeed, the underlying claim in *St. Paul Fire & Marine* arose on land when a top loader fell into a pothole, injuring the driver. *See St. Paul Fire and Marine Ins. Co. v. Bd. of Comm'rs of the Port of New Orleans*, 646 F. Supp. 2d 813, 816 (E.D. La. 2009), *aff'd*, 418 F. App'x 305, 308 (5th Cir. Mar. 15, 2011). As a result, pursuant to *Kirby*, *Alleman*, and *St. Paul*, the Starr-issued policy is a marine insurance policy, and this Court has admiralty/maritime jurisdiction.

### B. Dismissal Based on "Pending State Court" Case

Exxon argues that the Court should dismiss or abstain from deciding Starr's declaratory judgment claim pursuant to the Declaratory Judgment Act, the Anti-Injunction Act, and principles of comity, federalism and abstention.[4] Each of these

---

[4] The Declaratory Judgment Act, 28 U.S.C. § 2201(a), allows a federal court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Anti-Injunction (continued...)

arguments is based on Exxon's position that the Roberts Lawsuit, which has now been settled, is "parallel litigation pending in state court."[5] *See* Motion to Dismiss Original Complaint [Doc. # 11], p. 3 ("a district court does not have authority to consider the merits of a declaratory judgment action when . . . the declaratory judgment Defendant previously filed a cause of action in state court"); p. 4 (arguing that in "determining whether to exercise discretion to assert its jurisdiction in a declaratory judgment action" the Court should consider "whether there is a pending state action in which all of the matters in controversy may be fully litigated"). Exxon's premise is faulty.

Suits are parallel if they "involv[e] the same parties and the same issues." *Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 395 n.7 (5th Cir. 2006) (quoting *RepublicBank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987)). Starr is not a party to the Roberts Lawsuit against Exxon, and Roberts is not a party to this case. It is undisputed that the Roberts Lawsuit does not involve claims regarding whether Exxon is an additional insured under Starr's bumbershoot policy. Additionally, although it technically remains pending in state court, the Roberts

---

[4] (...continued)
Act, 28 U.S.C. § 2283, precludes a federal court from granting "an injunction to stay proceedings in a State court" except in circumstances not relevant here.

[5] Exxon notes that it filed a lawsuit in the 125th Judicial District Court of Harris County, Texas. That lawsuit, which was filed after this lawsuit, has been removed and is currently pending before the undersigned. *See Exxon Mobil Corp. v. Starr Indem. & Liability Co., et al.*, Civil Action No. H-14-1147.

Lawsuit has been settled and the settlement has been partially funded. Exxon has not demonstrated that the Roberts Lawsuit is parallel litigation that would render non-justiciable Starr's claim for declaratory judgment that Exxon is not an additional insured. Because the Court can decide the declaratory judgment claim in this case without enjoining or otherwise interfering with the Roberts Lawsuit, Exxon has not demonstrated that this Court lacks authority to decide the issues in this case without violating the Anti-Injunction Act. Moreover, as noted above, Exxon has a pending lawsuit before this Court seeking a declaratory judgment that it is an additional insured under the Starr insurance policy. *See Exxon Mobil Corp. v. Starr Indem. and Liability Co.*, Civil Action No. H-14-1147.

Based on the foregoing, the Court concludes that the "additional insured" dispute between Exxon and Starr is justiciable and that the Court has the authority to decide Starr's declaratory judgment claim. The Court exercises its discretion to retain jurisdiction over this dispute and, as a result, the Court denies Exxon's Motion to Dismiss.

**IV.   CONCLUSION AND ORDER**

This Court has general maritime jurisdiction, and the Court declines to dismiss this case or abstain from deciding whether Exxon is an additional insured under the Starr insurance policy issued to Savage. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 6] is **DENIED**.

SIGNED at Houston, Texas, this **18th** day of **June, 2014**.

_____
Nancy F. Atlas
United States District Judge